| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Ariane Holtschlag, not individually but as the Chapter 7 Trustee for the estate of Suzlon Wind Energy Corp. | **DEFENDANTS**<br>Suzlon Project VIII, LLC and JPMorgan Chase Bank, N.A. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Justin R. Storer, Law Ofc. of William J. Factor, Ltd., 105 W. Madison St., Suite 1500, Chicago, IL 60602; ph: 312.373.7226; email jstorer@wfactorlaw.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ■ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory judgment (28 U.S.C. 2201), turnover (11 U.S.C. 542), injunctive relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

2  **FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

3  **FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

1  **FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Suzlon Wind Energy Corp. | BANKRUPTCY CASE NO.<br>21-07923 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>NDIL | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Hon. J. Cox | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Justin R. Storer | | | |
| DATE<br>12/27/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Justin R. Storer | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzlon Wind Energy Corp.**, | Bankruptcy No. 21-07923 |
| Debtor. | Honorable Jacqueline P. Cox |
| **Ariane Holtschlag**, as chapter 7 trustee for Suzlon Wind Energy Corp., | |
| Plaintiff, | Adversary No. 22-_____ |
| v. | |
| **Suzlon Project VIII**, **LLC**, and **JPMorgan Chase Bank, N.A.**, | |
| Defendants. | |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, TURNOVER OF PROPERTY, AND INJUNCTIVE RELIEF

1. Ariane Holtschlag, not individually but in her capacity as the chapter 7 Trustee for the estate of Suzlon Wind Energy Corp. (the "Trustee") brings this complaint because funds, which were estate property owed to Suzlon Wind Energy Corp. (the "Debtor") and which should have been paid to the Trustee, were instead transmitted by a third party to a bank account owned by Suzlon Project VIII, LLC ("SPVIII"). This account is maintained by JPMorgan Chase Bank, N.A. ("Chase") and has an account number ending in x3372.

2. SPVIII may have creditors that could seek recovery against it. To help protect the Debtor's estate from any of SPVIII's creditors, the Trustee first seeks a determination that the funds at issue are property of the Debtor's estate, and were never property of SPVIII.

{00213614}

3. The Trustee further brings this complaint to obtain a judgment against SPVIII in that amount, seeking turnover, that the Trustee may use to recover the funds at issue.

4. Finally, to protect the funds at issue, the Trustee intends to seek an immediate preliminary injunction preventing the transfer or disposition of any funds in the SPVIII Chase bank account ending x3372.

## JURISDICTION AND VENUE

5. This adversary proceeding arises in the chapter 7 bankruptcy case of Suzlon Wind Energy Corp., pending before this Court as case number 21-07923.

6. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

7. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (b)(2)(E), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

8. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

9. SPVIII is a Delaware limited liability corporation, founded in 2007 and registered to do business in Illinois in 2011.

10. SPVIII is owned by the Debtor.

11. On or about March 7, 2016, the Debtor entered into a "Master Equity Lease Agreement" (the "Lease") with Enterprise Fleet Management Trust, through

Enterprise Fleet Management, Inc., its attorney in fact ("Enterprise"). A copy of the Lease is attached hereto as Exhibit A.

12. Broadly speaking, under the lease, the Debtor rented six vehicles from Enterprise, that its various employees would use on jobsites, for work-related travel, and so forth.

13. The Lease (see its section 3.C), provides that, in certain situations, subject to a calculation, after Enterprise's recovery and liquidation of the leased vehicles, "[Enterprise] agrees to pay such deficiency to [the Debtor]." As the Trustee understands it, if the value for the vehicles subsequent to their sale exceeded their book value, that surplus would be payable to the Debtor.

14. With the Trustee's assistance, Enterprise was able to locate the vehicles, several of which had been retained by the Debtor's former employees, and secured the return of all six vehicles subject to the Lease.

15. In keeping with their obligations under the Lease, Enterprise ultimately made payment of $146,760.33.

16. For an unknown reason, however, Enterprise made that payment not to the Debtor or the Trustee, but to an account at J.P. Morgan Chase Bank, N.A., ending in x3372, which was owned not by the Debtor, but by SPVIII.

17. The $146,760.33 was property of the Debtor's bankruptcy estate.

## COUNT 1 – DECLARATORY JUDGMENT

18. The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

19. The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

20. Pursuant to 28 U.S.C. § 2201, in case of actual controversy, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is requested.

21. The Trustee is aware of at least one claim in the Debtor's bankruptcy case relating to which, to the extent unpaid by the Trustee's administration of the bankruptcy case, the claimant may endeavor to seek recovery against SPVIII.

22. Accordingly, the Trustee seeks a determination and declaratory judgment that the $146,760.33 at issue is property of the Debtor's bankruptcy estate, and is not property of SPVIII.

**Wherefore**, the Trustee requests that this Court enter declaratory judgment in her favor and find that the $146,760.33 paid to SPVIII by Enterprise is property of the Debtor's bankruptcy estate.

## COUNT 2 – TURNOVER

23. The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

24. The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

25. Pursuant to 11 U.S.C. § 542(a), subject to certain exceptions not applicable here, an entity in possession, custody, or control of property that the trustee may use, sell, or lease, shall deliver to the Trustee, and account for, such property or the value of such property.

**Wherefore**, the Trustee requests that this Court enter judgment in her favor, and against Suzlon Project VIII, LLC, in the amount of $146,760.33.

## COUNT 3 – INJUNCTIVE RELIEF

26. The Trustee incorporates the previous allegations of this complaint as though fully set forth in this count.

27. The Trustee pleads this count in the alternative to the extent the relief or the allegations contradict anything else contained in this complaint.

28. The Trustee intends to seek an immediate injunction against Chase to prevent the disposition, transfer, or wasting of any estate property in the SPVIII account ending in x3372.

Wherefore, the Trustee requests this Court grant the relief requested against Chase, directing Chase to immediately hold $146,760.33 in the SPVIII account ending in x3372.

Dated: December 27, 2022

Respectfully submitted,

**Ariane Holtschlag**, as chapter 7 trustee for Suzlon Wind Energy Corp.,

By: /s/ Justin R. Storer
One of Her Attorneys

Justin Storer (6293889)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (312) 373-7226
Fax:   (847) 574-8233
E-mail: jstorer@wfactorlaw.com

## VERIFICATION

I verify under penalty of perjury that the foregoing is true and correct. Executed on December 27, 2022.

Ariane Holtschlag, as chapter 7 trustee for Suzlon Wind Energy Corp.

{00213614}

—5—